[Cite as *State v. Haddix*, 2017-Ohio-9212.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2017CA00160 |
| | : | |
| DOUGLAS HADDIX | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Case No. 1995CR0111


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      December 21, 2017


APPEARANCES:

For Plaintiff-Appellee:                         For Defendant-Appellant:

JOHN D. FERRERO, JR.               DOUGLAS HADDIX, PRO SE
STARK CO. PROSECUTOR            Inmate No. A304-270
RONALD MARK CALDWELL          Warren Correctional Institution
110 Central Plaza South – Ste. 510    P.O. Box 120
Canton, OH 44702-1413             Lebanon, OH 45036

*Delaney, P.J.*

{¶1}　Appellant Douglas Haddix appeals from the August 16, 2017 Judgment Entry of the Stark County Court of Common Pleas overruling his "Motion for Relief from the Judgment." Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}　A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. This case has a lengthy procedural history.

{¶3}　On February 2, 1995, appellant was charged by indictment with three counts of rape in violation of R.C. 2907.02, one count of felonious assault in violation of R.C. 2907.12, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of endangering children in violation of R.C. 2919.22. The victim of these offenses was a minor under the age of thirteen.

{¶4}　A jury trial commenced on April 25, 1995. At the conclusion of appellee's case-in-chief, the trial court dismissed the endangering count. The jury found appellant guilty as charged save for one of the rape counts. By judgment entry filed May 30, 1995, the trial court sentenced appellant to an aggregate indeterminate term of seventeen to fifty years in prison.

{¶5}　Appellant appealed and this Court affirmed his convictions and sentences. *State v. Haddix,* 5th Dist. Stark No. 95–CA–0175, 1996 WL 363510 (June 3, 1996), delayed appeal not allowed, 85 Ohio St.3d 1478, 85 N.E.2d 850 (1999). For a complete history of ensuing appeals, see *State v. Haddix,* 5th Dist. Stark No.1998–CA–0096, 1998 WL 753263 (September 28, 1998), appeal not allowed, 84 Ohio St.3d 1471, 704 N.E.2d 579 (1999); *State v. Haddix*, 5th Dist. Stark No.1999–CA–00227, 1999 WL 107980

(November 15, 1999), appeal not allowed, 88 Ohio St.3d 1434, 724 N.E.3d 810 (2000); *State v. Haddix*, 5th Dist. Stark No. 2011 CA00276, 2012–Ohio–4259, appeal not allowed, 134 Ohio St.3d 1422, 2013-Ohio-158, 981 N.E.2d 886; *State v. Haddix*, 5th Dist. Stark No. 2012-CA-00218, 2013-Ohio-1974, appeal not allowed, 136 Ohio St.3d 1492, 2013-Ohio-4140, 994 N.E.2d 463.

{¶6}   On August 10, 2017, appellant filed a "Motion for Relief from the Judgment," arguing that his conviction upon "the second count" is void because he "does not come within the definition of 'whoever' in section 1.02(A) of the Revised Code."  The trial court overruled the motion on August 11, 2017.

{¶7}   Appellant now appeals from the trial court's Judgment Entry of August 11, 2017.

{¶8}   Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶9}   "THE SECOND COUNT JURY CONVICTION VOID AB INITIO FOR WANT OF JURISDICTION TO PROSECUTE (*sic*)."

## ANALYSIS

{¶10} Appellant argues his conviction and sentence upon Count II, rape, should be vacated because the trial court lacked jurisdiction over him.  We disagree.

{¶11} Appellant references only "the second count jury conviction" in his assignment of error and has attached the guilty verdict of the jury upon Count II as an exhibit to his brief.  Appellant has also attached a number of documents from, e.g., the Ohio Secretary of State purporting to establish that "Douglas Edward Haddix" is a corporation in the state of Ohio.  Appellant also purports to be a "foreign sovereign."  We

understand appellant's argument in the instant appeal to be the trial court did not have jurisdiction over him. As appellee points out, appellant raises two contradictory arguments on this point, simultaneously claiming: 1) the indictment named a corporation, not an individual, but 2) he is not a "person" within the meaning of R.C. Chapter 2907 because he is an unincorporated business. Both positions are unavailing.

{¶12} Although the trial court does not explicitly state in the Judgment Entry that it treated the motion as a petition for post-conviction relief, the motion was properly overruled as such. The caption of a pro se pleading does not define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Thus, if the pleading meets the definition of a petition for post-conviction relief, it must be treated as such, regardless of the manner in which appellant actually presents the motion to the court. *State v. Green*, 5th Dist. Knox No. 15–CA–13, 2015–Ohio–4441, ¶ 10. A motion meets the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1) if it is (1) filed subsequent to direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence. *Reynolds*, supra, 79 Ohio St.3d at 160.

{¶13} Appellant's "Motion for Relief from the Judgment" satisfies this definition of a petition for post-conviction relief as defined in R.C. 2953.21. The motion was filed subsequent to appellant's direct appeal. Subsequent to the affirmance of his conviction, appellant filed the motion with the trial court, seeking to vacate his conviction and sentence because the trial court allegedly did not have jurisdiction over him. Appellant thus asserted his conviction and sentence upon Count II was illegal or otherwise constitutionally repugnant and should be vacated. *Reynolds,* supra. Appellant seeks to

have his prison term vacated and rendered void. Finally, he seeks to vacate the sentence against him. Accordingly, appellant's August 10 motion is a petition for post-conviction relief.

{¶14} As a petition for post-conviction relief, it was filed well beyond the time limits set by R.C. 2953.21, which requires a petition for to be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction, or 365 days after the expiration of the time for filing an appeal if no direct appeal is filed. In this case, appellant filed a direct appeal and the trial transcript was filed on August 1, 1995. The petition was therefore untimely as it is was filed well beyond the time requirement in R.C. 2953.21(A).[1]

{¶15} Appellant has made no attempt to show that any of the exceptions to R.C. 2953.23(A)(1) apply to the untimely motion. Appellant did not demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1)(a). Nor did he demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense as he pled guilty to the charge. R.C. 2953.23(A)(1)(b).

{¶16} When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain the merits of the petition. *State v. Lynn*, 5th Dist. Muskingum No. CT2007–0046, 2008–Ohio–

---

[1] Appellant filed an untimely petition for post-conviction relief in 1997, and we affirmed the dismissal of that untimely petition in *State v. Haddix*, 5th Dist. Stark No. 1998CA0096, unreported, 1998 WL 753263, appeal not allowed, 84 Ohio St.3d 1471, 704 N.E.2d 579 (1999). Appellant's petition is thus also subject to R.C. 2953.23(A) as a successive petition for post-conviction relief.

2149. Accordingly, the trial court did not err in denying appellant's motion for relief from the judgment.

{¶17} Further, it is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940, citing *Reynolds*, supra. Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996).

{¶18} Appellant's arguments regarding the purported lack of jurisdiction of the trial court could have been raised on direct appeal. See*, State v. Flugga*, 5th Dist. Licking No. 09-CA-140, 2010-Ohio-4237, ¶ 17. Appellant's purported status as a "corporation" or "foreign sovereign" does not legitimately create a jurisdictional defect and the issue is now barred from consideration based on the doctrine of res judicata. See, *State v. Lawrence*, 2nd Dist. Montgomery No. 27014, 2016-Ohio-7626.

{¶19} Therefore, the trial court properly denied appellant's motion.

{¶20} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Wise, John W. and

Wise, Earle, J., concur.