[Cite as *State v. Haddix*, 2018-Ohio-1819.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DOUGLAS E. HADDIX | : | Case No. 2018 AP 02 0009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                 Court of Common Pleas, Case No.
                                 1993CR05 0127


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                May 8, 2018


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

AMANDA K. MILLER                         DOUGLAS E. HADDIX, pro se
125 E. High Street                       P.O. Box 120
New Philadelphia, Ohio 44663             Lebanon, Ohio 45036

*Baldwin, J.*

{¶1} Appellant, Douglas E. Haddix, appeals the January 18, 2018 entry of the Tuscarawas County Court of Common Pleas denying his "motion to override and nullify the conviction and sentence for want of criminal law jurisdiction." Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The facts underlying appellant's criminal conviction are not relevant to the resolution of this appeal, so they will not be included herein.

{¶3} On May 11, 1993 an indictment was filed in the Tuscarawas County Court of Common Pleas charging appellant with three counts of breaking and entering in violation of R. C. 2911.13, all felonies of the fourth degree. Appellant initially entered a not guilty plea, but on November 22, 1994 he appeared before the court with counsel and changed his plea to guilty to all counts in the indictment. He executed a written acknowledgment of his guilty plea in which he conceded that he was a citizen of the United States. On January 13, 1995, he was sentenced to a term of incarceration of 18 months on each count, to run consecutively. The sentence was deferred and he was placed on probation for a period of 3 years.

{¶4} Appellant was brought before the court on May 4, 1995 upon a motion to revoke probation filed by the State. He appeared with counsel and admitted to the violation of probation--leaving the State of Ohio without permission. He was found guilty and the court ordered probation to be tolled while he was incarcerated in a state penal institution, presumably on unrelated charges. Appellant was obligated to contact the adult

parole authority within 48 hours of release from the state penal institution so that his probation may continue upon his release.

{¶5} On January 29, 2008, a number of documents were filed by appellant representing himself as Douglas Al-Azeem Wali ©(SIC), procurator for defendant Douglas Edward Haddix©(SIC), including documents captioned "notice of special appearance", "affidavit of support for special appearance", "affidavit of truth", "notice of UCC financing statement" and others. Appellant's intent was never clearly expressed, but it appears his goal was to establish a basis for the filing of a petition for post-conviction relief.

{¶6} Appellant, under the name Douglas Al-Azeem Wali, filed a "motion to overrule and nullify the conviction and sentence for want of jurisdiction ab initio" on October 13, 2017. The State filed an objection to the motion on October 19, 2017 and, on October 26, 2017 the court ordered that the motion was denied. Appellant did not file an appeal from that ruling.

{¶7} On January 2, 2018, appellant filed a second "motion to overrule and nullify the conviction and sentence for want of criminal law jurisdiction" under the name Douglas Al-Azeem Wali. The State responded on January 8, 2018 and appellant filed a brief in support of his motion on that same date. On January 18, 2018, the trial court denied appellant's motion.

{¶8} On February 8, 2018, appellant filed a notice of appeal, again under the name Douglas Al-Azeem Wali, and submitted one assignment of error:

{¶9} THE TRIAL COURT PREJUDICIALLY VIOLATED THE SOVEREIGN ENTITY UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

{¶10} We addressed a very similar argument presented by appellant in *State v. Haddix,* 5th Dist. Stark No. 2017CA00160, 2017-Ohio-9212, and we believe the same analysis and conclusion should apply in this case.

{¶11} Appellant filed a number of documents purporting to establish that "Douglas Edward Haddix" is a corporation in the State of Ohio or a "foreign sovereign." We understand appellant's argument in the instant appeal to be the trial court did not have jurisdiction over him due to his status as a "foreign sovereign" despite his admission in 1994 that he was a United States citizen.

{¶12} Initially, we note the caption of appellant's pro se pleading as a motion to overrule and nullify the conviction and sentence for want of criminal law jurisdiction does not definitively define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997) In *Reynolds*, the Ohio Supreme Court found, despite its caption, an appellant's pleading which (1) is filed subsequent to the expiration of appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). *Id.*, at 160.

{¶13} Appellant's motion satisfies this definition of a petition for post-conviction relief as defined in R.C. 2953.21. The motion was filed subsequent to the expiration of appellant's time for filing a direct appeal, appellant filed the motion with the trial court,

seeking to vacate his conviction and sentence because the trial court allegedly did not have jurisdiction over him. Appellant thus asserted his conviction and sentence was illegal or otherwise constitutionally repugnant and should be vacated. *Reynolds, supra.* Appellant seeks to have his prison term vacated and rendered void. Accordingly, appellant's January 2, 2018 motion is a petition for post-conviction relief.

{¶14} As a petition for post-conviction relief, it was filed well beyond the time limits set by R.C. 2953.21, which requires a petition for post-conviction relief to be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction, or 365 days after the expiration of the time for filing an appeal if no direct appeal is filed. In this case, appellant was convicted in 1994 and no direct appeal was filed, so the petition was untimely as it is was filed well beyond the time requirement in R.C. 2953.21(A).

{¶15} Appellant has made no attempt to show that any of the exceptions to R.C. 2953.23(A)(1) apply to his untimely petition. Appellant did not demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1)(a). Nor did he demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense as he pled guilty to the charge. R.C. 2953.23(A)(1)(b).

{¶16} When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain the merits of the petition. *State v. Lynn,* 5th Dist. Muskingum No. CT2007–0046, 2008–Ohio– 2149 ¶15. Accordingly, the trial court did not err in denying appellant's petition.

**{¶17}** Further, it is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940, ¶21, citing *Reynolds, supra*. Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of syllabus. A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996).

**{¶18}** Appellant's arguments regarding the lack of jurisdiction of the trial court could have been raised on direct appeal. See, *State v. Flugga*, 5th Dist. Licking No. 09–CA–140, 2010–Ohio–4237, ¶ 17. Appellant's purported status as a "corporation" or "foreign sovereign" does not legitimately create a jurisdictional defect and the issue is now barred from consideration based on the doctrine of res judicata. See, *State v. Lawrence*, 2nd Dist. Montgomery No. 27014, 2016–Ohio–7626.

**{¶19}** Therefore, the trial court properly denied appellant's motion.

**{¶20}** Appellant's sole assignment of error is overruled.

**{¶21}** Costs assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.