[Cite as *State v. Haddix*, 2018-Ohio-2833.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DOUGLAS EDWARD HADDIX | : | Case No. 2018CA00035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 1995-CR-0111


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      July 16, 2018


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

DOUGLAS HADDIX, pro se
P.O. Box 120 #304270
Lebanon, Ohio 45036

*Baldwin, J.*

{¶1} Douglas E. Haddix appeals the decision of the Stark County Court of Common Pleas dismissing his petition for post-conviction relief on March 2, 2018. Appellee is the State of Ohio.

### FACTS AND PROCEDURAL POSTURE

{¶2} In 1995 Appellant was convicted of two counts of rape in violation of R.C. 2907.02, one count of felonious sexual penetration in violation of R.C. 2907.12, and one count of gross sexual imposition in violation of R.C. 2907.05. The jury acquitted appellant on one additional count of rape and the trial court dismissed a count of child endangering, a violation of R.C. 2919.22. Appellant appealed his conviction and sentencing and this court affirmed the trial court's decision. *State v. Haddix*, 5th Dist. Stark No. 95-CA-0175, 1996 WL 363510. Since that ruling, appellant has filed motions and petitions for various types of relief all seeking to reverse his conviction and all of which have been denied by the trial court and this court.

{¶3} Appellant now presents another petition for post-conviction relief asserting that the trial court lacked subject matter jurisdiction because DOUGLAS EDWARD HADDIX (sic) is a foreign national and a corporation. We previously held that "Appellant's purported status as a "corporation" or "foreign sovereign" does not legitimately create a jurisdictional defect and the issue is now barred from consideration based on the doctrine of res judicata." *State v. Haddix*, 5th Dist. Stark No. 2017CA00160, 2017-Ohio-9212, ¶ 18. We found in that same case:

"[a]s a petition for post-conviction relief, it was filed well beyond the time

limits set by R.C. 2953.21, which requires a petition for (sic) to be filed no

later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction, or 365 days after the expiration of the time for filing an appeal if no direct appeal is filed. In this case, appellant filed a direct appeal and the trial transcript was filed on August 1, 1995. The petition was therefore untimely as it is was filed well beyond the time requirement in R.C. 2953.21(A).

*Haddix*, 2017-Ohio-9212, ¶ 14.

**{¶4}** Appellant provides no valid basis for a different decision in this case.

**{¶5}** Appellant uses the allegation of lack subject matter jurisdiction in an attempt to avoid dismissal on the grounds of res judicata, implicitly acknowledging that the argument in this petition is indistinguishable from the argument he presented in his petition for post-conviction relief in *Haddix*, 2017-Ohio-9212. Appellant's attempt to preserve his argument by claiming a lack of subject matter jurisdiction fails because he conflates subject matter jurisdiction with personal jurisdiction, two distinctly separate concepts. Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *Handy v. Ins.* Co., 37 Ohio St. 366, 370 (1881). *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19 (2014) Ohio common pleas courts have "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. The Stark County Court

of Common Pleas clearly had subject matter jurisdiction to consider the criminal charges filed against appellant.

{¶6} Personal jurisdiction over appellant was established in this case by the appellant's residence in Stark County, Ohio and service of legal process. "It is axiomatic that Ohio courts can exercise jurisdiction over a person who is a resident of Ohio." *Prouse, Dash & Crouch, L.L.P. v. DiMarco,* 116 Ohio St.3d 167, 2007-Ohio-5753, 876 N.E.2d 1226, ¶ 5. "Moreover, the underlying foundation for assertion of personal jurisdiction is "the presence of the person or thing involved in the litigation within the forum's territorial boundaries or the consent [express or implied] of the party." *McBride v. Coble Express, Inc.* (1993), 92 Ohio App.3d 505, 509, 636 N.E.2d 356, 359 (3rd Dist. 1993) *Nehls v. Quad-K. Advertising, Inc.,* 106 Ohio App.3d 489, 495, 666 N.E.2d 579, 582 (8th Dist.1995). Personal jurisdiction can be waived expressly or by failure to object. In the case at bar, the record reflects that appellant resided in Stark County, Ohio, was arrested and brought before the trial court where he entered a plea of not guilty and was eventually tried. He never objected to the jurisdiction of the court over his person. Consequently, the trial court obtained jurisdiction over the person of appellant and any objection to a lack of personal jurisdiction was waived by appellant's failure to object or appeal on that basis.

{¶7} We find that the trial court had subject matter jurisdiction, that the petition is untimely and the appellant's arguments are barred by the doctrine of res judicata. *Haddix*, 2017-Ohio-9212.

{¶8} To the extent appellant's claim is based upon the allegation Douglas Edward Haddix is a foreign national and a corporation, we find those allegations barred by res judicata as well as they were addressed in the prior petition (*State v. Haddix*, 5th

Dist. Stark No. 2017CA00160, 2017-Ohio-9212).  Further, assuming arguendo, we were to consider those allegations and the unauthenticated exhibits attached to the petition, the contention that the State indicted a corporation named Douglas Edward Haddix is not supported by the record and any error in the indictment was waived by the appellant's failure to object. CrimR 12(C).  Further, we find that Appellant's contention that Douglas Edward Haddix is a corporation and a foreign national is not credible as it is not borne out by the record and is contradicted by appellant's affidavits.

**{¶9}**   The exhibits submitted by appellant in support of his argument show that Douglas Edward Haddix was assigned an employer identification number by the IRS in 2010, that a document captioned U.S. Income Tax Return of a Foreign Corporation was completed, and that Douglas Edward Haddix has registered the trade name Douglas Edward Haddix.  A document captioned "The Flag of DOUGLAS EDWARD HADDIX is attached as well as a document captioned "Douglas Edward Haddix Sovereign" without any explanation as to the significance of these documents.  These documents contain nothing to establish the presence of a valid corporation in the state of Ohio named Douglas Edward Haddix presently or when appellant was indicted.

**{¶10}**  Appellant's reliance on our decision in *State v. Haddix*, 5th Dist. Stark No. 2017CA00160, 2017-Ohio-9212, ¶18, to establish the existence of his corporation is misplaced as we merely acknowledged his allegation when we noted his "purported status as a "corporation" or "foreign sovereign."" Our comment does nothing to establish the existence of a corporation and, as we noted, appellant has likewise failed to show that a corporation legally existed in Ohio at the time of the indictment.

**{¶11}** Finally, appellant previously filed affidavits in this case in which he represented that he was the defendant in this case and that he was a "U.S. Citizen" directly contradicting his current assertion that his namesake corporation was mistakenly indicted. (Affidavit attached to Notice of Appeal, Nov. 21, 2006, Docket #94; Affidavit attached to Civil Rule 60(B) Motion, filed June, 21, 1999, Docket #78).

**{¶12}** We agree with the analysis of the trial court in *State v. Bob Manashian Painting,* 121 Ohio Misc.2d 99, 2002-Ohio-7444, 782 N.E.2d 701, ¶ 28 (M.C.) and find that appellant:

is a citizen of this state unless and until he establishes residency in another state, or in another country. He is a citizen of the United States unless and until he undertakes those steps provided under federal law for revocation of citizenship, and, incidentally, subjects himself to deportation. Sections 1229 and 1481, Title 8, U.S.Code; see, also, *Afroyim v. Rusk* (1967), 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757. Clearly, defendant wishes to have his cake of citizenship and eat it too. He wishes to live in this state, drive on its roads, walk on its paths, be protected by its Constitution, laws, courts and officers, and enjoy all of its rights and blessings, while shirking its responsibilities—*** This is repugnant to both the letter and spirit of the law, and this the court will not permit him to do."

**{¶13}** While we do not accept appellants contention he is a sovereign entity, even if we were to countenance the assertion, his claims of immunity would fail.

The Vienna Convention on Diplomatic Relations, April 18, 1961, Art. IV, 23 U.S.T. 3227, and the corresponding statute, 22 U.S.C. §§ 254a-254e,

premise diplomatic immunity upon recognition by the receiving state. That is to say, neither [Appellant] nor anyone else is able unilaterally to assert diplomatic immunity. Such status only exists when there is recognition of another state's sovereignty by the Department of State. In other words, recognition by the executive branch-not to be second-guessed by the judiciary-is essential to establishing diplomatic status. Restatement (Third) of Foreign Relations Law of the United States § 461 Commentary at 30 (Tent. Draft No. 4, 1983). The United States Department of State has not recognized [DOUGLAS EDWARD HADDIX]. Similarly, it has never granted immunity status to [DOUGLAS EDWARD HADDIX]. Thus, [Appellant] is precluded from asserting sovereign immunity.

*United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir.1984), aff'd, 794 F.2d 806 (2d Cir.1986), (Citations omitted).

{¶14} We hold that appellant's petition is barred by the doctrine of res judicata and that his remaining arguments, even if considered, are not persuasive, are contradicted by his own representations in the record and do not provide a basis for post-conviction relief. For the forgoing reasons, we affirm the decision of the Stark County Court of Common Pleas.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.