[Cite as *State v. Smith*, 2018-Ohio-5121.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LANCE A. SMITH | : | Case No. CT2017-0066 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum
                             County Court, Case No. CRB
                             1700093

JUDGMENT:                    Affirmed in Part, Reversed in
                             Part, and Remanded.

DATE OF JUDGMENT:            December 17, 2018

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     ELIZABETH N. GABA
Prosecuting Attorney                  1231 East Broad Street
By: GERALD V. ANDERSON, II            Columbus, OH 43205
Assistant Prosecuting Attorney
27 N. Fifth Street
P. O. Box 189
Zanesville, OH 43702-0189

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Lance A. Smith appeals the September 18, 2017 judgment of conviction and sentence of the Muskingum County Court. Plaintiff-Appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   Smith, of Franklin County, Ohio was involved in a relationship with Jane Doe for two years. Their relationship ended in August 2016. Doe worked at the Kent State University's (KSU) Tuscarawas campus as a library director, but lived in Muskingum County, Ohio.

{¶ 3}   Following their breakup, Smith continued to text Doe. When she stopped responding, Smith started to post things on the KSU Tuscarawas campus library's Facebook page. He also created a Yelp page for the library and posted things there. On October 25, 2016, Doe obtained a civil protection order prohibiting Smith from making any contact with her at home or her place of employment, including all forms of electronic contact. Smith was served with the protection order on November 16, 2016, yet continued posting photos and comments to the Facebook and Yelp pages. Smith also posted things about Doe on his own Facebook page, but Doe was blocked from viewing anything on Smith's Facebook page.

{¶ 4}   In January 2017, a complaint was filed in the Muskingum County Court charging Smith with 7 counts of violating a civil protection order (counts 1 through 7 of the complaint), and 7 counts of telecommunications harassment (counts 8 through 14). These first 14 counts alleged the same behavior on seven different dates, but charged Smith under two different statutes.

{¶ 5}   Also, based on the similar behavior, Smith was charged with 1 count of menacing by stalking pursuant to R.C. 2903.211(A)(1) and 1 count of menacing by stalking pursuant to R.C. 2903.211(A)(2)(a), counts 15 and 16 respectively. Count 15 alleged Smith engaged in a pattern of conduct which he knew would cause Jane Doe to believe he would cause physical harm or mental distress to Doe or her immediate family. Count 16 alleged the same conduct, but specifically through any written communication via computer system, network, program or telecommunication.

{¶ 6}   There were two earlier cases involving similar charges against Smith for similar behavior against Doe. Smith was originally represented by counsel on all three cases. A resolution was reached for the first two cases, but Smith wished to proceed to trial on this matter. One week before trial, counsel for Smith moved to withdraw and was permitted to do so. Although he had signed a time waiver, Smith was denied a continuance and proceeded to trial representing himself following a very limited hearing on the same. Smith also waived his right to a jury trial. The matter therefore proceeded to a bench trial on July 12, 2017.

{¶ 7}   After hearing the evidence, the trial court found Smith not guilty of counts 6, 7, 13 and 14, but guilty of the balance of the charges. He was sentenced to 30 days in jail.

{¶ 8}   Smith filed an appeal, and the matter is now before this court for consideration. He raises nine assignments of error as follow:

I

{¶ 9}   "THE MUSKINGUM COUNTY COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT PRESIDED OVER A

MISDEMEANOR CASE, AND CONVICTED APPELLANT, WHERE THE EVENTS ALLEGED, OCCURRED IN FRANKLIN COUNTY AND/OR TUSCARAWAS COUNTY. THE COURT ERRED BOTH IN ASSUMING SUBJECT MATTER JURISDICTION, AND IN THE EXERCISE OF JURISDICTION. R.C. 1901.20, 1907.01, 1907.02."

II

{¶ 10} "THE MUSKINGUM COUNTY COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT CONVICTED APPELLANT OF COUNTS 1 THROUGH 6, BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT HAD EVER BEEN SERVED WITH THE TEMPORARY EX PARTE CSPO, AND ANY FINDING THAT HE HAD BEEN SERVED WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶ 11} "THE MUSKINGUM COUNTY COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT PERMITTED TRIAL COUNSEL TO WITHDRAW FROM THE CASE NINE DAYS PRIOR TO THE JURY TRIAL, AND FURTHER WHEN IT DENIED SMITH'S REQUEST FOR A CONTINUANCE OF THE TRIAL. THE TRIAL COURT'S ACTIONS WERE IN VIOLATION OF CRIM.R. 44. THE COURT FAILED TO MEET ITS OBLIGATION TO DISCUSS POSSIBLE DEFENSES AND CIRCUMSTANCES IN MITIGATION OF THE OFFENSE CHARGED, THE RANGE OF ALLOWABLE PUNISHMENTS, THE NATURE OF THE CHARGES AND STATUTORY OFFENSES INCLUDED WITHIN THEM. AND SMITH'S WAIVER NEEDED TO BE IN WRITING."

IV

{¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT FOUND THE DEFENDANT-APPELLANT GUILTY OF EACH AND ALL OF THE 14 COUNTS FOR WHICH APPELLANT WAS CONVICTED. THE CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND FURTHER, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

V

{¶ 13} "THE MUSKINGUM COUNTY COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT CONVICTED APPELLANT OF COUNTS 8 THROUGH 14, BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT HE HAD ENGAGED IN TELECOMMUNICATIONS HARASSMENT AS ALLEGED, R.C. 2917.21(B)(2), AND ANY FINDING THAT HE HAD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

VI

{¶ 14} "THE MUSKINGUM COUNTY COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT CONVICTED APPELLANT OF COUNTS 15 AND 16 BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT HE HAD ENGAGED IN MENACING BY STALKING AS ALLEGED, R.C. 2903.211, AND ANY FINDING THAT HE HAD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

VII

{¶ 15} "R.C. 2917.21(B)(2) IS AN UNCONSTITUTIONAL STATUTE AND VIOLATES APPELLANT'S FIRST AMENDMENT RIGHTS."

VIII

{¶ 16} "R.C. 2903.211 IS AN UNCONSTITUTIONAL STATUTE AND VIOLATES APPELLANT'S FIRST AMENDMENT RIGHTS."

IX

{¶ 17} "THE MUSKINGUM COUNTY COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DID NOT MERGE ALL THE COUNTS AS ALLIED OFFENSES OF SIMILAR IMPORT."

{¶ 18} For ease of discussion, we address some of Smith's errors together, as well as out of order.

I

{¶ 19} In his first assignment of error, Smith argues the trial court was without subject matter jurisdiction to hear this matter since he always posted from Franklin County. We disagree.

{¶ 20} First, although Smith never argued below that the trial court lacked subject matter jurisdiction, this defect cannot be waived. *State ex rel Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). "[T]he lack of jurisdiction can be raised at any time, even for the first time on appeal. This is because jurisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." *Id.* internal citations omitted.

{¶ 21} The Muskingum County Court is a municipal court. "A municipal court's jurisdiction in criminal matters is statutorily defined as 'territorial,' and R.C. Chapter 1901 does not attempt to distinguish between jurisdiction of the subject matter, jurisdiction of the person, and venue." *State v. Brown*, 90 Ohio App.3d 674, 687, 630 N.E.2d 397 (1993).

"Pursuant to R.C.1901.20(A)(1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory." *State v. Davis,* 2nd Dist. Montgomery No. 19540, 2003-Ohio-4584, ¶ 17. In *Cheap Escape Co., Inc. v. Haddox,* 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, the Ohio Supreme Court interpreted the phrase "within the limits of its territory" in R.C.1901.20(A)(1) to mean that a municipal court has "territorial subject matter jurisdiction" over criminal matters having a "territorial connection" to the court."

{¶ 22} Smith also never raised any lack of personal jurisdiction. Personal jurisdiction is established by "the presence of the person or thing involved in the litigation within the forum's territorial boundaries or the consent [express or implied] of the party." *State v. Haddix*, 5th Dist. No. 2018CA00035, 2018-Ohio-2833 ¶ 6, citing *McBride v. Coble Express, Inc.*, 92 Ohio App.3d 505, 509, 636 N.E.2d 356, 359 (3rd Dist. 1993), and *Nehls v. Quad-K. Advertising, Inc.*, 106 Ohio App.3d 489, 495, 666 N.E.2d 579, 582 (8th Dist.1995). "Personal jurisdiction can be waived expressly or by failure to object." *Id*. Because Smith never objected, he has waived the matter of personal jurisdiction.

{¶ 23} In addition, relevant to this case, R.C. 2901.12(I)(1) states:

> When the offense involves a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, the offender may be tried in any jurisdiction containing any location of the computer, computer system, or computer network of the victim of the offense, in any jurisdiction from which or into which, as part of the offense, any writing, data, or image

is disseminated or transmitted by means of a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, or in any jurisdiction in which the alleged offender commits any activity that is an essential part of the offense.

{¶ 24} The record reveals that Smith posted comments and photos from his home computer located in Franklin County. Smith sent the comments and photos via computer to the Kent State library Facebook and Yelp accounts for the Tuscarawas County branch. Transcript of trial (T) 59-61, 63, 68, 73-75, 78-79, 84-85, 99, 100, 102-104.

{¶ 25} On direct examination, Doe testified she lives in Muskingum County (T) 87. She admitted, however, that she is blocked from viewing anything on Smith's Facebook page, and that the posts made by Smith to the library Facebook and Yelp accounts were either brought to her attention by others, or she went looking for them. T 59-60, 73-75, 100-102. In other words, Smith never directly disseminated anything to Doe in Muskingum County.

{¶ 26} However, Smith was also charged with two counts of menacing by stalking. As the state points out, Doe felt threatened and feared for her daughter's safety as well as her own safety while at home in Muskingum County. The source of her fear stemmed from Smith's continuous postings to C.B's employer's Facebook and Yelp pages, as well as other behavior that pre-dated the postings, and was related to the menacing by stalking charges. (T) 90-97.

{¶ 27} R.C. 2901.12(H)(1) states:

(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim, or victims of the same type or from the same group.

* * *

{¶ 28} Given the forgoing, we find therefore that jurisdiction was proper in the Muskingum County Court. The first assignment of error is overruled.

III

{¶ 29} In the caption of his third assignment of error, Smith argues the trial court abused its discretion when it permitted his retained counsel to withdraw nine days before trial, denied him a continuance and then failed to adequately inquire regarding Smith's desire to represent himself. The argument following the assignment of error, however, addresses only the trial court's failure to adequately inquire regarding Smith's desire to represent himself. We therefore limit our analysis to that issue, and we agree.

{¶ 30} Whether appellant waived his right to counsel is an issue that we review de novo. *State v. Nelson*, 2016-Ohio-8064, 75 N.E.3d 785, ¶ 17 (1st Dist.)

{¶ 31} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provides that a criminal defendant has a right to counsel.

Crim.R. 44(A) provides that a defendant is entitled to counsel "unless after being fully advised of his right to assigned counsel, he knowingly, intelligently, and voluntarily waives his right to counsel."

{¶ 32} A criminal defendant also has the constitutional right to waive counsel and to represent himself at trial. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, "the Constitution * * * require[s] that any waiver of the right to counsel be knowing, voluntary, and intelligent * * *." *Iowa v. Tovar,* 541 U.S. 77, 87–88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson,* 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. The defendant must make an intelligent and voluntary waiver with the knowledge he will have to represent himself, and that there are dangers inherent in self-representation. *State v. Ebersole,* 107 Ohio App.3d 288, 293, 668 N.E.2d 934 (3rd Dist.1995), citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

{¶ 33} In *Gibson*, supra, the Ohio Supreme Court applied the test set forth in *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), which established the requirements for a sufficient pretrial inquiry by the trial court into a waiver of counsel:

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad

understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

{¶ 34} *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976).

{¶ 35} "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

{¶ 36} Smith argues in part that his waiver had to be in writing. We reject this portion of Smith's argument, as a waiver in writing is not required. Rather, the standard is substantial compliance with Crim.R. 44(A). *State v. Cline*, 103 Ohio St.3d 471, 2004-Ohio-5701, 816 N.E.2d 1069. However, no such compliance took place here. We have been provided with one pretrial transcript which consists of 4 pages. At no point did the trial court engage Smith in a conversation regarding the nature of the charges, the statutory offenses included within them, allowable punishments, possible defenses and mitigation, nor any of the dangers or folly of representing himself. The record is in fact silent, and we may not therefore presume waiver. Accordingly, we find there was insufficient inquiry to ensure Smith knowingly, intelligently and voluntarily waived his right to counsel. We therefore remand this matter for proceedings consistent with the entirety of this opinion.

{¶ 37} The third assignment of error is sustained.

II, IV, V, VI

{¶ 38} In his second, fourth, fifth, and sixth assignments of error, Smith argues his convictions are against the sufficiency and manifest weight of the evidence. We agree in part.

{¶ 39} While the concepts of a conviction; 1) being against the manifest weight of the evidence, and 2) being supported by insufficient evidence are often raised and argued together, they are distinct and must be considered as such.

Applicable Law

{¶ 40} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 41} When a manifest weight assignment of error is sustained the case is remanded for a new trial. Appellant would have no argument that he is barred from retrial based upon double jeopardy grounds. This court has found grounds for a remand based upon the argument in assignment of error three that the trial court did not properly address appellant with regard to representing himself at trial. Because the case is being remanded for further proceedings, we find the manifest weight assignments would not change such remand and are premature.

{¶ 42} However, the assignments of error involving the sufficiency of the evidence must be considered at this time. Appellant was tried and convicted on the evidence presented by the state. If on appeal a claim of sufficiency is sustained the bar against double jeopardy would preclude the state from proceeding to a second trial against appellant on that count.

Smith's Convictions

{¶ 43} Smith was convicted of five counts of violating a civil protection order pursuant to R.C. 2919.27(A)(2). This section requires the state to prove that the defendant recklessly violated a protection order issued pursuant to R.C. 2903.214, and further, all the requirements of R.C. 2903.214, including, relevant to Smith's argument here, that the defendant was duly served with the order. *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972, ¶ 16, 20.

{¶ 44} Smith was also convicted of five counts of telecommunication harassment under R.C. 2917.21(B)(2), which makes it a crime to "make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten,

or harass another person." "[F]or conduct to rise to the level of criminal harassment under this section of the statute, the accused must have intended to alarm or to cause substantial emotional distress to the recipient, not just to annoy [him]." *State v. Ellison,* 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶ 14.

{¶ 45} Finally, Smith was found guilty of two counts of menacing by stalking, the first pursuant to R.C. 2903.211(A)(1) and the second pursuant to R.C. 2903.211(A)(2)(a).

{¶ 46} R.C. 2903.211(A)(1) provides in relevant part:

> No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person.

{¶ 47} R.C. 2903.211(A)(2)(a) states:

> (2) No person, through the use of any form of written communication or any electronic method of remotely transferring information, including, but not limited to, any computer, computer network, computer program, computer system, or telecommunication device shall post a message or use any intentionally written or verbal graphic gesture with purpose to do either of the following:
>
> (a) Violate division (A)(1) of this section;

{¶ 48} As an initial matter, Smith argues his convictions should be reversed because the trial court did not understand Facebook or Yelp or how the sites work. We reject this argument because throughout her testimony, the trial court asked questions of Doe when it needed clarification of how these social media platforms operate, and Doe provided answers to the court's satisfaction. (T) 54-94. Smith further lodged no objection to Doe providing explanations to the court.

### Assignment of Error II – Service of Protection Order

{¶ 49} Moving on to Smith's remaining sufficiency arguments, the second assignment of error argues the state failed to prove he violated a civil protection order because it did not prove he had been served with the protection order. We disagree.

{¶ 50} State's exhibit 10 contains Deputy Brandon Hamilton's notations following his December 5, 2016 interview with Smith. These notes indicate that Smith acknowledged being served with the protection order on November 16, 2016 during a court hearing. Deputy Hamilton testified at trial, and Exhibit 10 was entered into evidence with objection by Smith only as to an unrelated issue. (T) 121. We therefore find the state produced sufficient evidence to prove Smith was served with the civil protection order, and overrule Smith's second assignment of error.

### Assignment of Error VI – Menacing by Stalking

{¶ 51} Smith's sixth assignment of error argues the state presented insufficient evidence to prove he engaged in menacing by stalking pursuant to R.C. 2903.211(A)(1) and (A)(2)(a). We disagree.

{¶ 52} Smith was charged in both counts of menacing by stalking with engaging in a pattern of behavior from October 29, 2016 to December 31, 2016. Doe testified that this

behavior was not limited to Smith's posts to Facebook and Yelp, but also included Smith's act of posting a personal ad on Craigslist posing as Doe, soliciting men, and providing her address, along with Smith's statements to Doe that the police could not help her, and that he was the "dragon" who was going to "attack." (T) 88-96. Due to these actions by Smith, Doe became fearful, sent her daughter to live with her aunt and felt compelled to purchase a taser for personal protection. (T) 95, 97. Smith further continued his activities beyond service of the protection order. We find sufficient evidence to support a finding that Smith engaged in this conduct knowing it would cause Doe to believe he would cause physical harm or mental distress to her or a family member. Additionally, he did these things through a computer or telecommunications device. We therefore find the state produced sufficient evidence to prove each count of menacing by stalking as contained in counts 15 and 16.

Assignments of Error IV and V,

{¶ 53} Smith's fourth assignment of error argues, without analysis that a finding of guilty on all 14 counts was against sufficiency of the evidence. His fifth assignment of error argues his convictions for telecommunications harassment are all against the sufficiency of the evidence.

{¶ 54} First, as to the five convictions for violating a civil protection order and five convictions of telecommunications harassment, as noted above, Smith was served with the protection order on November 16, 2016. The order included a prohibition against Smith having any contact with Doe's place of employment. State's exhibit 8.

{¶ 55} Next, Smith was charged twice for each social media post he made. Once for violating the protection order and once for telecommunications harassment. We address each pair of convictions in turn.

{¶ 56} Count one of the complaint charges a protection order violation and count eight charges telecommunications harassment occurring on or about November 25, 2016. This pair of charges stem from state's exhibits 1 and 3, which are two Yelp posts made by Smith to the KSU Tuscarawas campus Yelp page on November 23 and 25, 2016. (T) 73-74. Both posts include photos from the May 4, 1970 Kent State shootings. Exhibit 1 includes the comment by Smith "Stand down or else." Exhibit 3 includes different photos from the May 4, 1970 shootings and a comment having nothing to do with those photos, but rather Smith's opinion regarding the fact that the KSU Tuscarawas campus library keeps a cat in the library. He additionally mentions that "[s]taff needs social media engineering response training really bad as to not make things worse!! More later!!!" Doe testified these posts "caused panic amongst our students because he's posting pictures of dead students and telling us to stop." (T) 74.

{¶ 57} This certainly is sufficient evidence to show Smith violated the protection order as he was to have no contact with Doe or Doe's place of employment either in person or electronically. We therefore find the evidence sufficient to support Smith's conviction on count one. However, we find this evidence insufficient to support a conviction on count eight, telecommunications harassment, as there is nothing in this post directly threatening or harassing Doe.

{¶ 58} Counts two and nine of the complaint charge violation of a protection order and telecommunications harassment respectively. These counts are based on state's

exhibit 2. (T) 74-75. This exhibit shows Smith's November 26, 2016 comment on a post by KSU Tuscarawas campus library's Facebook page. The library posted a photo of the cat that lives in the library. Smith posted a comment below the photo - his opinion that the animal's captivity in the library "seems like animal abuse."

{¶ 59} Again, this is sufficient evidence of violation of a protection order. We find, therefore, sufficient evidence to support count two. We do not, however, see a comment about the library mascot to be either threatening or harassing to Doe, and thus find insufficient evidence to support a conviction on count nine.

{¶ 60} Counts three and ten pertain to violation of a protection order and telecommunications harassment alleged to have occurred on November 27, 2016. We have closely examined the transcript and exhibits in this matter and find no exhibit, nor testimony pertaining to any activities by Smith on November 27, 2016. We therefore find convictions on counts three and ten are not supported by sufficient evidence.

{¶ 61} Counts four and eleven pertain to violation of a protection order and telecommunications harassment alleged to have occurred on December 11, 2016. This date corresponds with one photo on state's exhibit 4 which Smith posted on the KSU Tuscarawas campus Yelp page. The photo is the cover of a book titled "Nympho Librarian." There is no comment on the photo. This evidence is sufficient to support Smith's conviction for count four, violating a protection order, but insufficient to support a conviction for count eleven, telecommunications harassment. We note that state's exhibit 4 also contains a screen shot from appellant's own Facebook page containing some nonsensical yet somewhat aggressive statements. However, Doe testified she was blocked from viewing appellant's Facebook page, and had friends obtain this information.

(T) 105-106. We therefore disregard this portion of exhibit 4, basing our finding solely on the book cover posted to the KSU library Yelp page.

{¶ 62} Counts five and twelve allege violation of a protection order and telecommunications harassment which occurred on December 18, 2016. These counts correspond to state's exhibit 5 which is three photos of Doe which Smith posted to the KSU Tuscarawas campus Yelp page. The first two show Doe in lingerie, and the third shows Doe sitting in such a manner that the viewer can see up her skirt. On the first photo Smith wrote "Totally innocent looking librarian. Huh!" On the second, Smith wrote "Innocent oh yea!" He posted no comment on the third. There can be no other reason to post such photos other than to harass, abuse and embarrass Doe. We thus find this evidence sufficient to support Smith's convictions on both counts five and twelve.

{¶ 63} In summary, we find insufficient evidence to support Smith's convictions on counts three, eight, nine, ten and eleven. We find Smith's convictions on counts one, two, four, five, twelve, fifteen and sixteen, however supported by sufficient evidence. Smith's second and sixth assignments of error are overruled, his fourth and fifth assignments of error are overruled in part and sustained in part.

VII, VIII

{¶ 64} In his seventh and eighth assignments of error, Smith argues R.C. 2917.21 and R.C. 2903.211 are unconstitutional as they restrict his First Amendment rights to free speech. Based upon our remand of the case on previous assignments of error we find the seventh and eighth assignments of error premature.

IX

{¶ 65} In his final assignment of error, Smith argues the trial court erred when it failed to merge convictions as allied offenses of similar import. Given our resolution of the preceding assignments of error, an analysis of allied offenses is premature at this juncture, and we therefore decline to address the same.

{¶ 66} In summary, the case is remanded based upon the failure of the trial court to adequately advise appellant with regard to representing himself at trial, pursuant to *State v. Gibson, supra.* However, not all of the counts remain viable. We find that the record reflects that there was insufficient evidence presented on Counts three, eight, nine, ten, and eleven. Additionally, at trial the court acquitted appellant on Counts six, seven, thirteen, and fourteen. Therefore the case is sent back on Counts one, two, four, five, twelve, fifteen, and sixteen.

{¶ 67} The judgement of the Muskingum County Court is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

By Wise, Earle, J.

Hoffman, P.J. and

Delaney, J. concur.


EEW/rw

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
LANCE A. SMITH                         :
                                       :
        Defendant-Appellant            :        CASE NO. CT2017-0066


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court, is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. Costs to appellee.