TURNER, APPELLANT, *v.* DEPARTMENT OF REHABILITATION AND CORRECTION ET AL., APPELLEES.

[Cite as *Turner v. Dept. of Rehab. & Corr.*, 144 Ohio St.3d 377, 2015-Ohio-2833.]

(No. 2014–1349—Submitted April 14, 2015—Decided July 16, 2015.)

_____

**Per Curiam.**

{¶ 1} We affirm the Tenth District Court of Appeals' dismissal of the appellant's, Donald Turner's, petition for a writ of mandamus. Turner sought a writ that would order appellees, the Ohio Department of Rehabilitation and Correction ("ODRC"), the Adult Parole Authority ("APA"), and the Bureau of Sentence Computation ("BOSC"), to remove his 1970 conviction for aggravated assault from their records and no longer base any decisions or rulings on that conviction. Turner argues that the 1970 sentence was invalid because the sentencing entry did not explicitly set forth the maximum and minimum length of his sentence but instead imposed a prison term of an "indeterminate period." He also argues that ODRC, not a court, imposed a sentence of one to five years.

{¶ 2} Because Turner had or has adequate remedies in the ordinary course of the law to challenge the sentence and ODRC's interpretation of the sentence, we affirm.

*Facts*

{¶ 3} Turner was charged with aggravated assault in violation of former R.C. 2901.241, Am.Sub.H.B. No. 55, 128 Ohio Laws 560, which stated:

> No person shall assault another with a dangerous weapon or instrument or by other means or force likely to produce death or great bodily harm.
>
> Whoever violates this section shall be imprisoned in the penitentiary not less than one nor more than five years.

Turner entered a guilty plea, which was accepted. The judge sentenced him to an indeterminate period.

{¶ 4} Turner was placed in the custody of ODRC, which treated his sentence as the one-to-five-year term authorized by former R.C. 2901.241. The APA and BOSC then made decisions regarding Turner's parole eligibility and release based on the one-to-five-year term.

{¶ 5} Turner filed this action in mandamus in the Tenth District Court of Appeals, requesting a writ ordering that the appellees remove the invalid sentence from their records and no longer make decisions based on it. The appellees filed a motion to dismiss Turner's complaint, arguing that Turner was not entitled to a writ of mandamus because he could have challenged the validity of his sentence in a direct appeal. They also argued that Turner's sentencing records or parole eligibility should be challenged in a declaratory-judgment action. Turner filed a memorandum in response, arguing that the appellees had misconstrued his claim. He argued that he was challenging the one-to-five-year term imposed by the appellees, not the indeterminate sentence imposed by the court.

{¶ 6} A magistrate issued a decision recommending that the court grant the motion to dismiss because direct appeal gave Turner an adequate remedy in the ordinary course of the law. Turner filed objections reiterating his earlier arguments. The court of appeals adopted the magistrate's decision and granted the motion to dismiss.

*Analysis*

{¶ 7} To be entitled to a writ of mandamus, Turner must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondents to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Turner must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 8} Turner cannot show that he is entitled to a writ of mandamus, primarily because he has or had adequate remedies in the ordinary course of the law. If, as argued by the appellees, his petition asserts the invalidity of his original sentence, he could have argued that claim in a direct appeal or in postconviction claims for relief.

{¶ 9} But even if, as Turner claims, his argument is that ODRC, not a court, imposed the sentence, he still cannot establish that he is entitled to a writ of mandamus. First, a writ of mandamus will not lie to compel the correction of prison records, absent evidence of a present injury to the petitioner that would prevent a declaratory judgment from providing a complete remedy. *State ex rel. Earl v. Shafer*, 85 Ohio St.3d 370, 708 N.E.2d 714 (1999), citing *State ex rel. Konoff v. Shafer*, 80 Ohio St.3d 294, 295, 685 N.E.2d 1248 (1997). Here, Turner has not provided any evidence that the use of his 1970 sentence has harmed him in any way at all, let alone any evidence that a declaratory judgment would not provide complete relief. He has served the sentence and has provided no evidence that the appellees are using that sentence in a way that is detrimental to him.

{¶ 10} Second, as pointed out by the appellees, Turner's sentencing entry is not invalid. He was sentenced under former R.C. 2901.241, which was repealed in 1974. The only sentence under that statute was an indefinite sentence of one to five years. Therefore, when Turner was sentenced to an "indeterminate period" of imprisonment, the one-to-five-year sentence set forth in the former statute was intended. ODRC's interpretation of the sentencing entry was reasonable.

### Conclusion

{¶ 11} Because Turner had or has adequate remedies in the ordinary course of the law to challenge the sentence and ODRC's interpretation of the sentence, we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———

Donald Turner, pro se.

Michael DeWine, Attorney General, and Peter L. Jamison, Assistant Attorney General, for appellee.