[Cite as *State ex rel. Evans v. Mohr*, 2018-Ohio-3760.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. William H. Evans, Jr.,        :

        Relator,        :

v.        :        No. 18AP-71

Gary Mohr, Director et al.,        :        (REGULAR CALENDAR)

        Respondents.        :

---

D E C I S I O N

Rendered on September 18, 2018

---

*William H. Evans, Jr.,* pro se.

*Michael DeWine,* Attorney General, and *George Horvath,* for respondents.

---

IN MANDAMUS AND/OR PROHIBITION
ON OBJECTIONS TO MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, William H. Evans, Jr., commenced this original action in mandamus and/or prohibition seeking an order compelling respondent, Gary Mohr, as director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to remove the label of "white supremacist" from his institutional records, and to cease using that designation. Respondents have filed a motion to dismiss relator's complaint.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which appended is hereto. The magistrate essentially found that

relator's complaint fails to state a claim in mandamus because relator has an adequate remedy at law—a declaratory judgment action. The magistrate also found that relator failed to state a claim for prohibition because ODRC did not engage in any judicial or quasi-judicial function. Based upon these findings, the magistrate has recommended that we grant respondents' motion to dismiss.

{¶ 3} Relator has filed six objections to the magistrate's decision. For ease of analysis, we will address these objections out of order, beginning with relator's fifth and sixth objections, which are related. In his fifth objection, relator contends that, contrary to the magistrate's finding, a declaratory judgment action does not provide him with an adequate remedy. In his sixth objection, relator contends the magistrate erred when she stated that relator failed to allege that his prison records were inaccurate and that he was not prejudiced by respondents' actions. We find that both objections are without merit.

{¶ 4} It is well-established that in the absence of evidence of any present injury, declaratory judgment is an adequate remedy at law to correct prison records. *Turner v. Dept. of Rehab. & Corr.*, 144 Ohio St.3d 377, 2015-Ohio-2833, ¶ 9; *State ex rel. Earl v. Shafer*, 85 Ohio St.3d 370 (1999) (prisoner has adequate legal remedy by way of a declaratory judgment action in common pleas court to correct his prison record).

{¶ 5} Relator attached to his complaint a disposition of grievance, which addresses the same issue relator raised in his complaint. That disposition of grievance establishes that relator has not been denied any privilege or right due to the alleged inaccurate information in his file. Nor did relator allege any present injury in his complaint. Because relator did not allege a present injury, nor does it appear that relator has suffered any present injury, he has an adequate remedy at law to correct the alleged inaccurate information in his prison record—a declaratory judgment action. Mandamus relief is

unavailable when there is an adequate remedy at law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). Therefore, we overrule relator's fifth and sixth objections.

{¶ 6} In his first and second objections, relator contends that the magistrate should have granted his motion for summary judgment and should not have construed his motion as a memorandum in opposition to respondents' motion to dismiss.[1] Because we find that respondents' motion to dismiss is well-taken, relator's first and second objections are moot.

{¶ 7} In his third objection, relator argues that the magistrate unnecessarily discussed the legal grounds for a writ of procedendo because his complaint does not request the issuance of such a writ. In his fourth objection, relator complains that the magistrate unnecessarily noted that relator has no right to parole. Again, because we agree with the magistrate that respondents' motion to dismiss should be granted for the reasons noted above, respondents' third and fourth objections are moot.

{¶ 8} To the extent that relator's complaint included a claim in prohibition, we note that relator has not objected to the magistrate's dismissal of that claim.

{¶ 9} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondents' motion to dismiss and deny relator's request for a writ of mandamus and/or prohibition.

*Objections overruled; motion to dismiss granted;*
*writ of mandamus and/or prohibition denied.*

BROWN, P.J., and SADLER, J., concur.

---

[1] We note that relator's motion for summary judgment expressly indicated that it was filed in response to respondents' motion to dismiss. We also note that relator did not otherwise respond to respondents' motion to dismiss.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. William H. Evans, Jr., | : | |
| Relator, | : | |
| v. | : | No. 18AP-71 |
| Gary Mohr Director et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 27, 2018

*William H. Evans, Jr.,* pro se.

*Michael DeWine,* Attorney General, and *Justin C. Sheridan,* for respondents.

IN MANDAMUS AND/OR PROHIBITION
ON RESPONDENTS' MOTION TO DISMISS

{¶ 10} Relator, William H. Evans, Jr., has filed this original action requesting this court issue a writ of mandamus and/or prohibition ordering respondent Gary Mohr, as director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to remove the label of white supremacist from his institutional records, and to cease using that designation.

Findings of Fact:

{¶ 11} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution where he is serving an indefinite sentence of 15 years to life based on a conviction for murder.

{¶ 12}  2.  According to documents filed with his original action, relator has filed at least one grievance asserting that ODRC has impermissively labeled him a white supremacist on the basis of certain tattoos relator has on his person.

{¶ 13}  3.  The grievance which is the subject of this original action was filed on September 6, 2017.

{¶ 14}  4.  On September 20, 2017, relator was notified that his grievance was denied. Specifically, that notice indicates that ODRC has the "authority to list any indicators, such as tattoos as possible affiliations to a capitol Security Threat Group [and that relator had been] designated as Passive (Level 1)."  This designation means that he has "no points" and therefore "no restrictions as a result."

{¶ 15}  5.  On February 23, 2018, respondents filed a motion to dismiss asserting that relator could not establish a clear legal right to the relief he requests.

{¶ 16}  6.  On March 6, 2018, relator filed a motion for summary judgment asserting he did have a right to have inaccurate information removed from his institutional records.

{¶ 17}  7.  Because relator's motion for summary judgment only addressed the issues asserted in respondents' motion to dismiss, the magistrate has treated it as a responsive pleading to that motion to dismiss and not a separate motion for summary judgment.

{¶ 18}  8.  On March 27, 2018, respondents' filed a reply.

{¶ 19}  9.  The matter is currently before the magistrate on respondents' motion to dismiss.

Conclusions of Law:

{¶ 20}  For the reasons that follow, it is this magistrate's decision that this court should grant respondents' motion and dismiss relator's original action.

{¶ 21}  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.  *Id.*

{¶ 22}  In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery.  *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975).  As such, a complaint for writ of mandamus is not subject

to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondents' motion should be granted and relator's complaint should be dismissed.

{¶ 23} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 24} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 25} An "'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 26} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 27} Relator's complaint cites no case law in support of his arguments. In his motion for summary judgment, which is being treated as a response to respondents' motion to dismiss, relator asserts that the inaccurate label which ODRC has placed on his records is "actually a criminal violation" and that, as a result, ODRC cannot argue that he has not been harmed by this designation.

{¶ 28} In *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, the Supreme Court of Ohio held that, although inmates have no constitutional right to parole, where there are credible allegations which are supported by evidence that information relied on at a parole hearing was substantively inaccurate, the Ohio Adult Parole Authority has an obligation to investigate and correct any significant errors in the inmate's record.  In the present case, relator is not being considered for parole.  As such, the *Keith* case does not apply.

{¶ 29} As indicated in the findings of fact, on multiple occasions, relator filed grievances asserting that he has a right to be removed from the STG Group Level One.  In response, on every occasion, his grievances have been denied on grounds that ODRC has discretion to label inmates as potential threats and that relator's designation means he has "no points and therefore no restrictions as a result."  As respondents note, a writ of mandamus will not be issued to compel the correction of prison records in the absence of a present injury to the inmate which would prevent an action by declaratory judgment from providing a complete remedy.  *Turner v. Ohio Dept. of Rehab. & Corr.,* 144 Ohio St.3d 377, 2015-Ohio-2833.  However, in this case, relator has neither alleged that the records are incorrect nor has he alleged any facts indicating a present injury.  As such, relator's request for a writ of mandamus should be denied.

{¶ 30} With regard to his request for a writ of prohibition, relator has not demonstrated that ODRC is engaging in any judicial or quasi-judicial function.  As such, a writ of prohibition is inappropriate here.

{¶ 31} Based on the foregoing, it is this magistrate's decision that this court should grant respondents' motion to dismiss because relator has not demonstrated that he is entitled to either a writ of mandamus or prohibition.  Further, because relator was unsuccessful, this court should order he pay the costs of this proceeding.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).