[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Chambers-Smith,* Slip Opinion No. 2019-Ohio-1335.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1335

THE STATE EX REL. EVANS, APPELLANT, *v.* CHAMBERS-SMITH, DIR., ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Chambers-Smith,* Slip Opinion No. 2019-Ohio-1335.]

*Mandamus—Appellant not entitled to extraordinary relief in mandamus because he failed to allege any facts that, if true, would demonstrate a present injury—Court of appeals' dismissal affirmed.*

(No. 2018-1382—Submitted January 29, 2019—Decided April 11, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-71, 2018-Ohio-3760.

_____

**Per Curiam.**

{¶ 1} Appellant, William H. Evans Jr., appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus.  We affirm.

**Allegations in the complaint**

{¶ 2} On or about January 10, 2017, Evans, an inmate at the Ross Correctional Institution, filed a written grievance concerning his designation as a "white supremacist" in Ohio Department of Rehabilitation and Correction ("DRC") records. According to Evans, this designation was based solely on the tattoo on his hands reading "white power," and not on any gang activity. His grievance also demanded the removal of his name from DRC's Security Threat Group ("STG") files, into which he was placed as a result of the white-supremacist designation. Evans indicated that he had been trying to have the white-supremacist label removed from his files for years without success.

{¶ 3} One week later, DRC staff rejected the grievance with the following notation: "The tattoo you have is an identifier. By policy, that is why you have a STG file."

{¶ 4} On January 31, 2018, Evans filed a complaint for a writ of mandamus in the Tenth District Court of Appeals against then DRC Director Gary Mohr and other officials at DRC and the Ross Correctional Institution.[1] He requested an order (1) compelling the removal of the label "white supremacist" from his DRC records, (2) removing his name from the STG files, and (3) "holding that there [never was] a legal basis to have ever had the label of 'White Supremacist' " attached to his name in DRC files. He also asked that DRC be barred from ever again designating him a white-supremacist based on his tattoo, and he demanded compensatory and punitive damages.

{¶ 5} Mohr and the other respondents filed a motion to dismiss, and Evans filed a motion for summary judgment. On April 27, 2018, a magistrate for the court of appeals recommended granting the motion to dismiss. Evans filed timely

---

[1] Under S.Ct.Prac.R. 4.06(B), Annette Chambers-Smith, the current director of the Ohio Department of Rehabilitation and Correction, is automatically substituted for Gary Mohr, the former director, as a party to this action.

objections to the magistrate's decision. On September 18, 2018, the Tenth District Court of Appeals overruled Evans's objections, denied his motion for summary judgment, and dismissed the complaint for failure to state a claim.

{¶ 6} Evans timely appealed.

**Legal analysis**

{¶ 7} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can "prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in [the relator's] favor." *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998).

{¶ 8} "A writ of mandamus will not lie to compel the correction of prison records, absent evidence of a *present injury* to the petitioner that would prevent a declaratory judgment from providing a complete remedy." (Emphasis added.) *Turner v. Dept. of Rehab. & Corr.*, 144 Ohio St.3d 377, 2015-Ohio-2833, 43 N.E.3d 435, ¶ 9; *see, e.g.*, *State ex rel. Earl v. Shafer*, 85 Ohio St.3d 370, 708 N.E.2d 714 (1999) (inmate who was not yet eligible for parole could not compel through mandamus a recalculation of his eligibility date when the recalculated date he proposed was still beyond the date he filed his mandamus complaint).

{¶ 9} Evans's complaint does not allege any facts that, if true, would demonstrate a present injury from the white-supremacist designation. Evans refers the court to the documents attached to the complaint, which he claims show that his inclusion in the STG files was contrary to DRC policies and therefore a due-process

violation.  But this argument merely restates the legal theory for his claim; it does not demonstrate that he has been harmed by the alleged due-process violation.

{¶ 10} To the contrary, Evans's own exhibits show that he has suffered no punishment or loss of privilege as a result of his inclusion in the STG.  For example, in September 2017, in response to one of his grievances, prison officials informed Evans that his STG designation was "Passive (Level 1)," meaning "that you have no points and therefore no restrictions as a result of your profile."  Prison officials had previously given him the same information in December 2014: "Your current STG status of 'passive' has not resulted in a rule violation, restriction or any other form of harm to you."  And in 2012, they informed him that "[t]he classification of 'passive' does not impact your security designation or adversely affect you in any way."

{¶ 11} Alternatively, Evans claims that he is harmed because his designation as a white supremacist is being or will be reported to federal officials.  On September 14, 2017, in response to the white-nationalist marches in Charlottesville, Virginia, the United States Congress passed a joint resolution that, among other things, urged the United States Attorney General to work with "the heads of other Federal agencies to improve the reporting of hate crimes and to emphasize the importance of the collection, and the reporting to the Federal Bureau of Investigation, of hate crime data by State and local agencies."  Pub. L. No. 115-58, Section 7(B), 131 Stat. 1149, 1150-1151 (2017).  Evans posits that, pursuant to this resolution, state prison officials will report his erroneous white-supremacist designation to federal authorities, in violation of R.C. 1347.10(A)(3), which authorizes a civil action against any person who intentionally supplies or discloses personal information for storage in a "personal information system" when the person "knows, or has reason to know" the information is false and causes harm thereby.  But Evans failed to plead this theory in his complaint and is unclear about what harm this potential disclosure would cause him.  Moreover, the facts he now

alleges do not suggest that this reporting has affected him: the Congressional resolution encourages the collection of statistical *data* of hate *crimes*, a mandate that presumably would not include information limited to Evans's security classification.

{¶ 12} Evans offers a passing allegation that if the information in his file is not corrected, it could adversely affect his chances for release when he becomes eligible for parole in August 2019. However, an appellant is barred from raising new arguments for the first time in a reply brief. *In re Fuel Adjustment Clauses for Columbus S. Power Co. & Ohio Power Co.*, 140 Ohio St.3d 352, 2014-Ohio-3764, 18 N.E.3d 1157, ¶ 37. Evans also asserts that declaratory judgment is not an available alternative remedy because he has filed several prior declaratory-judgment complaints and the courts have either ruled against him or not issued rulings at all. But his past lack of success does not make declaratory judgment an "unavailable" remedy, as required for mandamus to issue.

{¶ 13} Mandamus, as an extraordinary remedy, is available to inmates to correct prison records only upon an allegation of present harm. Because Evans failed to make any such allegation in his complaint, the court of appeals properly dismissed his complaint.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Richard H. Evans, Jr. pro se.

Dave Yost, Attorney General, and George Horvath, Assistant Attorney General, for appellees.

_____