[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lemaster v. Meigs Cty. Court of Common Pleas*, Slip Opinion No. 2020-Ohio-3776.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3776

THE STATE EX REL. LEMASTER,[1] APPELLANT, *v*. MEIGS COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lemaster v. Meigs Cty. Court of Common Pleas*, Slip Opinion No. 2020-Ohio-3776.]

*Mandamus—Judgment of conviction included all elements required for a final, appealable order—Court of appeals' dismissal of complaint affirmed.*

(No. 2019-1666—Submitted April 28, 2020—Decided July 22, 2020.)

APPEAL from the Court of Appeals for Meigs County, No. 19CA007.

_____

**Per Curiam.**

{¶ 1} Appellant, William D. Lemaster, seeks a writ of mandamus ordering appellee, Meigs County Court of Common Pleas, to enter a final, appealable order of conviction, arguing that the common pleas court's 1993 judgment of conviction

_____

1. Appellant's last name has appeared in various court opinions and documents as LeMasters, Lemasters, and Lemaster. It appears here as Lemaster, which is how he styled his notice of appeal.

did not comply with Crim.R. 32(C) or R.C. 2929.03(F).  The Fourth District Court of Appeals dismissed Lemaster's complaint.  We affirm.

## I.  Background

{¶ 2} In May 1993, a jury found Lemaster guilty of multiple counts of aggravated murder with death-penalty specifications, two counts of aggravated kidnapping, one count of aggravated robbery, and multiple firearm specifications. The jury did not recommend the death penalty.

{¶ 3} The common pleas court entered its judgment entry on May 25, 1993. The common pleas court sentenced Lemaster to two terms of life imprisonment for the aggravated-murder convictions with parole eligibility after 30 years and two three-year terms for the firearm specifications, to be served consecutively. Lemaster was sentenced to three 10-to-25-year prison terms for the remaining convictions, all to be served consecutively to one another.

{¶ 4} On direct appeal, the Fourth District vacated one of Lemaster's firearm-specification sentences as duplicative but otherwise affirmed Lemaster's convictions and sentence.  *State v. LeMasters*, 4th Dist. Meigs No. 512, 1994 WL 534883 (Sept. 27, 1994).  Lemaster unsuccessfully sought postconviction relief. *See, e.g.*, *State v. Lemasters*, 4th Dist. Meigs No. 95CA15, 1996 WL 734665 (Dec. 6, 1996) (affirming denial of delayed motion for new trial); *State v. LeMasters*, 4th Dist. Meigs No. 97CA15, 1998 WL 668093 (Aug. 26, 1998) (affirming dismissal of Lemaster's R.C. 2953.21 petition for postconviction relief).

{¶ 5} Lemaster commenced this action in the Fourth District, seeking a writ of mandamus ordering the common pleas court to finalize the judgment of conviction and resentence him.  He alleged that the common pleas court failed to comply with former Crim.R. 32(B) (now Crim.R. 32(C)) (setting forth requirements for a judgment of conviction) and R.C. 2929.03(F) (requiring a sentencing opinion when the death penalty is imposed).  Because of these alleged

2

deficiencies, Lemaster contends that the common pleas court has never journalized a final, appealable order of conviction.

{¶ 6} The common pleas court filed a motion to dismiss, which the Fourth District granted. Lemaster timely appealed to this court as of right.[2]

## II. Analysis

{¶ 7} To be entitled to a writ of mandamus, Lemaster must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the common pleas court to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Evans v. Chambers-Smith*, 156 Ohio St.3d 430, 2019-Ohio-1335, 128 N.E.3d 213, ¶ 7. Lemaster argues that the Fourth District erred in dismissing his mandamus complaint because the common pleas court never issued a final, appealable order of conviction. He therefore posits that he is entitled to a writ of mandamus directing the common pleas court to journalize a final judgment, from which he can then appeal. Lemaster is incorrect.

### A. Crim.R. 32(C)

{¶ 8} Lemaster invokes *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, for the proposition that his judgment of conviction was not a final, appealable order under Crim.R. 32(C). In *Baker*, this court held that a judgment of conviction is a final, appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, verdict, or finding of the court upon which the conviction is based, (2) the sentence, (3) the judge's signature, and (4) entry on the journal by the clerk of court. *Id.* at syllabus. The court later modified *Baker* to make clear that the "fact of the conviction" (and not necessarily the manner) satisfies the first

---

2. Within 20 days after the common pleas court filed its brief in this appeal, Lemaster filed a document styled as a "motion to answer appellee brief." The document's contents are in the nature of a reply brief, for which Lemaster did not need leave of court to file. *See* S.Ct.Prac.R. 16.04(A)(2). We therefore treat the document as a reply brief and deny Lemaster's motion as moot.

element. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus and ¶ 13.

{¶ 9} In this case, the common pleas court's May 25, 1993 judgment entry contained (1) a recitation that Lemaster was found guilty by a Meigs County jury, (2) the sentence for each crime and specification of which Lemaster was found guilty, (3) the trial judge's signature, and (4) the date and time stamp indicating its entry on the court's journal on May 25, 1993. Accordingly, Lemaster's judgment of conviction contained all the elements required for a final, appealable order at the time it was entered by the common pleas court.

{¶ 10} Although Lemaster does not dispute the contents of the court's May 25, 1993 judgment entry, he says that the court's "journal" did not contain all the *Baker* elements. In support of this contention, Lemaster directs our attention to the common pleas court's "Appearance and Execution Docket" for his criminal cases. Lemaster asserts that the court's summary entry on the docket on the date of his sentencing did not contain all the elements required by *Baker*. Lemaster apparently equates the court's docket entry with the judgment of conviction and argues that the docket entry must itself comply with the *Baker* requirements.

{¶ 11} Lemaster is mistaken, however, because he is confusing the common pleas court's journalization of its judgment with its notation on the docket. As this court has explained, journalization of an entry requires the trial-court judge's signature and the time stamp of the clerk of court. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 19. But "[t]he criminal appearance docket is not the court's 'journal.' " *Id.; see also State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 5. In this case, the common pleas court's May 25, 1993 judgment entry included all the required elements of a valid judgment of conviction and was therefore a final, appealable order.

*B. R.C. 2929.03(F)*

{¶ 12} The state sought the death penalty in Lemaster's criminal prosecution. Lemaster also alleged in his complaint that the May 25, 1993 judgment entry was defective—and not a final, appealable order—because it was not accompanied by a sentencing opinion under R.C. 2929.03(F), which provides that in death-penalty trials, a trial court must issue a separate sentencing opinion setting forth certain findings. He therefore sought a writ of mandamus ordering the common pleas court to provide a sentencing opinion.

{¶ 13} Lemaster's merit brief in this appeal makes passing mention of the lack of a sentencing opinion by the common pleas court but does not argue specifically why he is entitled to mandamus relief on that basis. To the extent that Lemaster has not forfeited this argument, it is without merit. A sentencing opinion under R.C. 2929.03(F) is not required when, as in this case, the trial court imposed a sentence of life imprisonment as recommended by the jury. *State ex rel. Stewart v. Russo*, 145 Ohio St.3d 382, 2016-Ohio-421, 49 N.E.3d 1272, ¶ 14-15.

### III. Conclusion

{¶ 14} Lemaster has no clear legal right to the relief he seeks. We therefore affirm the Fourth District's judgment dismissing his complaint for a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

William D. Lemaster, pro se.

James Stanley, Meigs County Prosecuting Attorney, and Pat Story, Assistant Prosecuting Attorney, for appellee.

_____