[Cite as *State v. Lemaster*, 2022-Ohio-4157.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 22CA1 |
| | : | |
| v. | : | |
| | : | DECISION AND JUDGMENT |
| WILLIAM D. LEMASTER[1], | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

William D. Lemaster, Lima, Ohio, Appellant, Pro Se.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} William D. Lemaster appeals the December 20, 2021 entry of the Meigs County Common Pleas Court which dismissed as untimely his petition for postconviction relief. In his petition and upon appeal, Mr. Lemaster, "Appellant," asserts that the trial court lacked subject matter jurisdiction over the criminal proceedings and personal jurisdiction over

---

[1]The Supreme Court of Ohio noted that Appellant's last name has appeared in court opinions and documents with several different spellings. *See State ex rel. Lemaster v. Meigs County Court of Common Pleas*, 161 Ohio St. 3d 14, 2020-Ohio-3776, 160 N.E.3d 713, at fn.1. "Lemaster" is how it appears in his current appellate brief and herein.

himself.  However, upon review, we find no merit to Appellant's assignment of error.  Accordingly, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} In May 1993, a Meigs County jury found Appellant guilty of multiple counts of aggravated murder with death penalty specifications, two counts of aggravated kidnapping, one count of aggravated robbery, and multiple firearm specifications.  The victims were Jeff Halley and his 12-year-old son, Jeffrey Halley.  The common pleas court entered its judgment entry on May 25, 1993 and sentenced Appellant to two terms of life imprisonment on the aggravated murder convictions and imposed additional consecutive sentencing on the other convictions.  The underlying factual background is not necessary to resolution of this appeal, but is set forth fully in *State v. LeMasters,* 4th Dist. Meigs No. 512, 1994 WL 534883, (Sept. 27, 1994), at *1 and *2.

{¶3} On direct appeal, the Fourth District vacated one of Appellant's firearm specification sentences as duplicative, but otherwise affirmed his convictions and sentence.  *See State v. Lemasters, supra.*  Appellant unsuccessfully sought postconviction relief.  *See e.g., State v. Lemasters,* 4th Dist. Meigs No. 95CA15, 1996 WL 734665 (Dec. 6, 1996) (affirming denial of delayed motion for new trial); *State v. LeMasters*, 4th Dist. Meigs No.

97CA15, 1998 WL 668093 (Aug. 26, 1998) (affirming dismissal of Appellant's R.C. 2953.21 petition for postconviction relief); *State ex rel. Lemaster v. Meigs County Court of Common Pleas*, 161 OhioSt.3d 14, 2020-Ohio-3776, 160 N.E.3d 713, at ¶ 4. In *Lemaster v. Meigs County, supra,* Appellant sought a writ of mandamus ordering the Meigs County Court of Common Pleas to enter a final appealable order of conviction. The Supreme Court of Ohio held that Appellant's judgment of conviction constituted a final appealable order at the time it was entered. *See Id*., at ¶ 11.

{¶4} On July 29, 2021, Appellant filed a motion captioned "Motion to Challenge the Trial Judge Jurisdiction Over the Subject Matter and Jurisdiction over the Defendant for Failure to Adhere to Sup.R. 4 and Sup.R. 36, Making the Accused Conviction and Sentence Void Ab-Inito." On December 20, 2021, the trial court determined the motion to be an untimely petition for postconviction relief pursuant to R.C. 2953.21 and dismissed the matter.[2] This timely appeal followed.

ASSIGNMENT OF ERROR

I.      THE TRIAL COURT JUDGE LACKED
        JURISDICTION OVER THE SUBJECT-
        MATTER AND PERSONAL JURISDICTION
        OVER THE DEFENDANT, FOR FAILURE TO

_____

[2]Appellant's motion was ruled on by Judge D. Dean Evans, sitting by assignment.

ADHERE TO SUP.4.01[sic], SUP.R. 36.011 AND
36.013 MAKING THE ACCUSED CONVICTION
AND SENTENCE VOID AB-INITIO.

STANDARD OF REVIEW

{¶5} R.C. 2953.21(A)(1)(a), petition for postconviction relief,

provides in pertinent part that:

> Any person in any of the following categories may file a
> petition in the court that imposed sentence, stating the
> grounds for relief relied upon, and asking the court to
> vacate or set aside the judgment or sentence or to grant
> other appropriate relief: (i) Any person who has been
> convicted of a criminal offense * * * and who claims that
> there was such a denial or infringement of the person's
> rights as to render the judgment void or voidable under the
> Ohio Constitution or the Constitution of the United States
> * * *.

{¶6} The postconviction relief process is a collateral civil attack on a

criminal judgment rather than an appeal of the judgment. *See State v. Betts,*

4th  Dist. Vinton No. 18CA710, 2018-Ohio-2720, at *¶* 11; *State v. Calhoun*,

86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Postconviction relief is not

a constitutional right; instead, it is a narrow remedy that gives the petitioner

no more rights than those granted by statute. *Id*. It is a means to resolve

constitutional claims that cannot be addressed on direct appeal because the

evidence supporting the claims is not contained in the record. *See State v.*

*McDougald*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 19-20,

citing *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

{¶7} " '[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *Betts, supra*, at ¶ 12, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *See In re H.V.,* 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8.

{¶8} A petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing. *See Betts, supra,* at ¶ 13, citing *State v. Black,* 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 9, citing *State v. Calhoun,* 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999); *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 13. Rather, before granting a hearing on a petition, the trial court must first determine that substantive grounds for relief exist. R.C. 2953.21(C). "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. Furthermore, in order to merit a hearing,

"the petitioner must demonstrate that the claimed 'errors resulted in prejudice.' " *Id.*, quoting *Calhoun* at 283.

LEGAL ANALYSIS

{¶9} Postconviction petitions are subject to timeliness requirements. *See State v. Mitchell,* 2021-Ohio-4386, 181 N.E. 3d 550, at ¶ 18 (4th Dist.). Pursuant to R.C. 2953.21(2)(a), a petition under R.C. 2953.21(A)(1)(a) must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. In this case, Appellant's direct appeal was filed in 1993. Appellant's motion is obviously untimely.[3]

{¶10} However, Appellant challenges both the exercise of subject matter jurisdiction and personal jurisdiction in his case. Issues relating to a court's subject matter jurisdiction may be raised at any time and can never be waived. *In re R. M.,* 2013-Ohio-3588, 947 N.E.2d 169, at ¶ 77 (4th Dist.).

> " 'Jurisdiction' means 'the court's statutory or constitutional power to adjudicate the case.' (Emphasis omitted). *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; *Morrison v. Steiner* (1972), 32

---

[3]An exception to the time requirement is contained in R.C. 2953.23. *See State v. Sowards,* 4th Dist. Gallia No. 18CA2, 2018-Ohio-4173, at ¶ 23. A trial court may not entertain a postconviction relief petition unless the petitioner first demonstrates one of the following: (1) the petitioner was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner demonstrates one of the foregoing threshold findings, the petitioner then must establish that but for the constitutional error at trial no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b); *accord State v. Rinehart,* 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, at ¶ 14. Appellant has not argued either of these exceptions.

Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The term encompasses jurisdiction over the subject matter and over the person. *State v. Parker,* 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting). Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *United States v. Cotton* (2002), 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. " 'The existence of the trial court's subject-matter jurisdiction is a question of law that we review de novo.' " *Barber v. Williamson,* 4th Dist. No. 11CA3265, 2012-Ohio-4925, 2012 WL 5289381, ¶ 12, quoting *Yazdani–Isfehani v. Yazdani–Isfehani,* 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20; *accord In re E.G.,* 8th Dist. No. 98652, 2013-Ohio-495, 2013 WL 588756, ¶ 9.

{¶11} Here, Appellant challenges both the subject matter jurisdiction and personal jurisdiction of the trial court judge, Fred W. Crow, III. Appellant points to a lack of indication in the record that Judge Crow was assigned to his case. Appellant directs us to Sup.R. 4.01, Sup.R. 36.011(B)(4), Sup.R. 36.013, and to a letter Appellant attached as Exhibit C. The Exhibit C letter is from the Meigs County Clerk of Courts, indicating that upon a diligent search of the records, the clerk was unable to find either "a journalized order from the administrative judge assigning Judge Fred W. Crow, III" nor an "Assignment Request Form," documents previously requested by Appellant.

{¶12} Appellant believes this letter from the Meigs County Clerk of Courts establishes that Judge Crow did not make an entrance into the record to establish that he accepted subject matter jurisdiction over the criminal proceedings or personal jurisdiction over Appellant. Thus, Appellant argues that the trial court did not have authority in the matter and was unable to render a valid judgment.

{¶13} While Appellant characterizes his arguments as jurisdictional, he is misguided. While case assignments must be free from the appearance of impropriety, *See Brickman & Sons, Inc. v. Natl. City Bank*, 106 Ohio St. 3d 30, 2005-Ohio-3559, 830 N.E.2d 1151, at ¶ 21, the lack of a formal entry or order demonstrating that Judge Crow transferred the case to himself and accepted jurisdiction may be more properly characterized in the nature of a procedural irregularity. Meigs County Common Pleas Court is a single-judge court. Judge Crow was the duly elected common pleas court judge in Meigs County at the time Appellant was indicted, arraigned, and tried on the criminal charges.

{¶14} Sup.R. 3(A) provides that "[i]n a single-judge court of common pleas * * *, the judge shall serve as the presiding judge of the court." Pursuant to Sup.R. 3(A), Judge Crow was the presiding judge of the Meigs County Court of Common Pleas. Sup.R. 4(A) provides that a judge of a

single-judge court of common pleas "shall serve as the administrative judge of that court." Pursuant to Sup.R. 4(A), Judge Crow was the administrative judge as well. At that time, and to the present day, Meigs County had only one general division common pleas judge. As such, Judge Crow had jurisdiction over all criminal cases filed in Meigs County.

{¶15} Appellant relies on Sup.R. 4.01(C), which provides that an administrative judge shall "[p]ursuant to Sup.R. 36, assign cases to individual judges of the court." However, Sup.R. 36.011, individual assignment system, relates to multi-judge common pleas courts. Since Meigs County does not have a multi-judge court of common pleas, Appellant's case could not be heard by any judge other than Judge Crow, absent the appointment of a special judge due to a conflict.

{¶16} Sup.R. 36.013, also cited by Appellant, provides that "[c]riminal cases in which an indictment or a count in an indictment charges the defendant with aggravated murder and contains one or more specifications of aggravating circumstances listed in R.C. 2929.04(A) shall be assigned to a judge of the court or division who is qualified to hear the cases * * *." The rule further provides the method of assignment. This rule is also inapplicable to Appellant's case. Simply put, none of the rules pertaining to multi-judge common pleas courts is relevant here since Judge

Crow was the only common pleas judge in Meigs County, and there was no

other judge that could be assigned the matter.

{¶17} While the lack of an entry indicating Judge Crow's assignment

is a procedural irregularity, the longstanding common knowledge when

Appellant was convicted in 1993 was that Judge Crow was the only common

pleas judge in a single-judge county.  Judge Crow clearly was the only judge

presiding over the criminal proceedings in Meigs County.  In this case, the

pleadings and docket reflect Judge Crow's initial and continued involvement

in Appellant's case.

{¶18} Appellant's arraignment entry dated December 23, 1992 was

signed by Judge Fred W. Crow, III.  The pleadings demonstrate Judge Crow

scheduled hearings and ruled on motions throughout the criminal

proceedings.  The trial transcript volumes beginning with a date of May 4,

1993 and continuing to May 20, 1993, all indicate as follows:

> Proceedings before the Honorable Fred W. Crow, III,
> taken before me, Laurel A. McDaid, Registered
> Professional reporter and Notary Public in and for the
> State of Ohio, at the Meigs County Courthouse.

{¶19} In the volume at the conclusion of trial, dated May 20,

1993, the court reporter certified as follows:

CERTIFICATE

I, Laurel McDaid, Notary Public in and For the State of Ohio,

Do Hereby Certify that the Foregoing is a True and Correct
Transcript of the Proceedings Taken by Me in this Matter and
Transcribed by Me.  In Witness Whereof, I have
Hereunto set my hand and affixed my seal of office at
Columbus, Ohio on this 27th day of August 1993.

{¶20} In Appellant's case, the Judgment/Sentencing Entry and

Warrant to Convey, dated May 25, 1993, is signed by Judge Fred W. Crow,

III.

{¶21} Even if the lack of an entry detailing Judge Crow's self-

assignment over the matter can somehow be considered an irregularity, the

proper assignment of a judge can be waived and, therefore, does not raise an

issue of subject matter jurisdiction.  It is more akin to a matter of personal

jurisdiction.  "Personal jurisdiction is established by 'the presence of the

person or thing involved in the litigation within the forum's territorial

boundaries or the consent [express or implied] of the party.' " *State v.*

*Smith*, 5th Dist. Muskingum No. CT2017-0066, 2018-Ohio-5121, quoting

*State v. Haddix,* 5th Dist. No. 2018CA00035, 2018-Ohio-2833 ¶ 6, citing

*McBride v. Coble Express, Inc.,* 92 Ohio App.3d 505, 509, 636 N.E.2d 356,

359 (3rd Dist. 1993), and *Nehls v. Quad-K. Advertising, Inc.,* 106 Ohio

App.3d 489, 495, 666 N.E.2d 579, 582 (8th Dist.1995).

{¶22} "Personal jurisdiction can be waived expressly or by failure to

object." *Id*.  The *Smith* court found because Smith never objected, he

waived the matter of personal jurisdiction. *See Safranek v. Safranek,* 8th Dist. Cuyahoga No.80413, 2002-Ohio-5066, at ¶ 11 (party must object at the earliest possible moment to matter of personal jurisdiction). Similarly, the Supreme Court of Ohio has held that procedural irregularities involving the transfer of a case to a visiting judge rendered the judgment voidable, not void. *See In re J.J.,* 111 Ohio St. 3d 205, 2006-Ohio-5484, 855 N.E. 2d 851, at the syllabus (party's failure to object to the transfer waived issue for appeal). *See also State v. Sizemore,* 12th Dist. Butler No.2005-CA-03-081, 2006-Ohio-1434 (where appellant never objected to transfer at any point in the proceedings held in the trial court, issue was waived for purposes of review); and *see generally Berger v. Berger,* 3 Ohio App.3d 125, 130, 443 N.E. 2d 1375 (8th Dist. 1981) (any party objecting to the reassignment of a case must raise the objection at the earliest opportunity or the issue is deemed waived), overruled on other grounds by *Brickman & Sons, Inc. v. Natl. City Bank,* 106 Ohio St. 3d 30, 2005-Ohio-3559, 830 N.E.2d 1151 (when administrative judge's entry of reassignment under authority of the Rules of Superintendence does not state the reason for the transfer but the reason is clear from the record, the transfer is proper).[4]

---

[4]*But see White v. Summit County,* 138 Ohio App.3d 116, 117, 740 N.E. 2d 688 ("Absent an entry indicating proper transfer, 'the judge assuming to act has no authority and his rulings are voidable on timely objection by any party.' " *Id.,* quoting *Berger v. Berger*, *supra.*) *See also Lungaro v. Lungaro,* 9th Dist. Medina No.09CA0024-M, 2009-Ohio-6372 (because party could not have

{¶23} Appellant is arguing a perceived irregularity or technicality. The correctness and propriety of Judge Crow's exercise of subject matter jurisdiction and personal jurisdiction is not affected by the lack of an entry setting forth Judge Crow's assignment of the case to himself. The lack of such an entry does not raise a jurisdictional issue. Thus, Appellant's motion is rightly construed as an untimely motion for postconviction relief for which consideration is barred. Appellant's assignment is without merit and is hereby overruled.

**JUDGMENT AFFIRMED.**

---

objected prior to receiving the final judgment entry, issue was preserved for review where court had no evidence explaining how a subsequent judge came to author the final judgment entry).

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**